## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TRASHAWN HUGHES** | * | **CIVIL ACTION** |
| | * | **NO.** |
| **VERSUS** | | |
| | * | **JUDGE** |
| **BOUCHON PROPERTIES LLC, ABC** | * | **MAG. JUDGE** |
| **INSURANCE COMPANY, LESTER** | | |
| **BOUCHON a/k/a LESTER BOUCHON, JR.,** | | |
| **and XYZ INSURANCE** | | |
| **COMPANY** | | |

---

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Petitioner, Trashawn Hughes, who, with full reservation of rights to plead further herein, respectfully avers as follows:

### I.  PARTIES

**1.**

Plaintiff made herein is Trashawn Hughes (hereinafter referred to as **"Mr. Trashawn Hughes"**), who is a single person of the full age of majority, residing and domiciliary of Jefferson Parish, Louisiana.

**2.**

Made Defendants herein are the following:

1. **BOUCHON PROPERTIES LLC** (herein after referred to as "**Bouchon Properties LLC**"), a domestic limited liability company domiciled in Jefferson Parish, Louisiana (2300 Judith Street, Metairie, LA 70003) authorized to do and doing business in this State, but not in good standing, who may be duly cited and served through its registered agent, Lester Bouchon, at 2300 Judith Street, Metairie, LA 70003;

2. **ABC INSURANCE COMPANY** (hereinafter referred to as "ABC Insurance Company"), the exact name unknown at this point, who is believed to be the foreign or domestic insurance company, who is authorized to and transacting business in the State of Louisiana, who provides general liability or umbrella insurance to **BOUCHON PROPERTIES LLC**, for incidents of the type made the basis of this litigation;

3. **LESTER BOUCHON a/k/a LESTER BOUCHON, JR.**, (herein after referred to as "**Mr. Lester Bouchon**"), a natural person of the full age of majority, domiciled in St. Tammany Parish, Louisiana, who is the Sole-Member and Manager of Bouchon Properties LLC, who may be duly cited and served at 20275 Fifth Avenue, Covington, LA 70433;

4. **XYZ INSURANCE COMPANY** (hereinafter referred to as "XYZ Insurance Company"), the exact name unknown at this point, who is believed to be the foreign or domestic insurance company, who is authorized to and transacting business in the State of Louisiana, who provides general liability or umbrella insurance to **LESTER BOUCHON**, for incidents of the type made the basis of this litigation;

hereinafter collectively referred to as "Defendants."

**3.**

That said Defendants are justly and truly indebted unto the petitioners made Plaintiff in Section I, paragraph I, *individually*, *jointly and in solido*, for such damages as will fully and fairly compensate petitioner, all right with legal interests thereon from the date of judicial demand until paid, for costs of expert witnesses retained, for attorney fees, and for all costs of these proceedings for the following reasons, set forth in Section IV.

**II. JURISDICTION AND VENUE**

**4.**

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question, 42 U.S.C. § 3613(a)(1) because this action invokes the Fair Housing Act, 28 U.S.C. § 1343(a) because this action involves civil rights issues, and 28 U.S.C. § 1367(a) because

2

the claims arising under the laws of Louisiana are so related to the federal claims that they form part of the same case or controversy.

**5.**

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred, the material misrepresentations and fraudulent acts occurred, and a substantial part of property that is the subject of the action is situated in, Metairie, Louisiana.

### III. STATEMENT OF FACTUAL ALLEGATIONS

**6.**

Mr. Trashawn Hughes is a young, African-American male, in his late twenties, with a physical disability impairment being that he an amputee on this left lower leg.

**7.**

Plaintiff moved to 1602 Clearview Parkway, Apartment C, Metairie, Louisiana on or about September 7, 2016 (hereinafter referred to as "Apartment C").

**8.**

At such time, Keener Properties LLC owned the immovable property, which consists of a two-story building separated into four rental units of apartments, and each separate unit contains two bedrooms and one-and-half bathrooms that is on two levels (hereinafter referred to as "Apartment Complex").

**9.**

Thereafter, Mr. Trashawn Hughes met with Jordan Peralez of Lafont Realties, who managed the Apartment Complex for Keener Properties to execute a lease agreement (hereinafter

referred to as "Original Lease"). A copy of Original Lease is attached hereto as **Exhibit 1** and the provisions thereof are incorporated herein by reference.

### 10.

Both parties, Mr. Trashawn Hughes, and Julie Keener of Keener Properties LLC executed the Original Lease on the same day, with Jordan Peralez of Lafont Realties acting as an agent for the latter party.

### 11.

After some time, Keener Properties LLC sold the Apartment Complex to Bouchon Properties LLC, which is more particularly described as follows:

THAT CERTAIN LOT OF GROUND, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the PARISH OF JEFFERSON, State of Louisiana, in that subdivision thereof known as BRIDGEDALE SUBDIVISION, SECTION D, SQUARE 121, said square being bounded by Clearview Parkway, Windsor Street, Satsuma Avenue (side), and Persimmon Street (side), in accordance with a plan of resubdivision by Mandle Surveying, Inc., dated March 26, 1984, revised October 15, 1984, approved by the Jefferson Parish Council on June 6, 1984, under Ordinance Number 16060, filed in COB 1077, folio 295, and in amended ordinance on November 14, 1984, under Ordinance No. 16244, filed in COB 1144, folio 194. According to said plan as amended, said lot is designated as LOT 18X, in SQUARE 121, and commences 517 .63 feet from the comer of Clearview Parkway and Windsor Street, and measures thence 50.44 feet front on Clearview Parkway, 47.11 feet in the rear, by a depth of 150.02 feet along the sideline separating it from Lot 184, and a depth of 150.04 feet along the opposite sideline. All as more fully shown on survey of S.E. Mandie, L.S., dated July 10, 1985.

Being the same property acquired by Keener Properties, LLC, by act filed on July 24, 2015 at COB 3353, page 722, in the official records for the Parish of Jefferson, State of Louisiana.

The following information is not insured and is offered for informational purposes only: Buildings and Improvements thereon bear the Municipal Nos. 1602 Clearview Parkway, Metairie, Louisiana 70001.

Bouchon Properties LLC acquired the abovementioned the Apartment Complex on or about May 7, 2021, by a cash deed filed of record at the Jefferson Parish conveyances. A copy of this deed the property is attached hereto as **Exhibit 2** and the provisions thereof are incorporated herein by reference.

**12.**

This two-story building contained four units of apartments. Each unit contains two bedrooms and 1.5 bathrooms, which is comprised on two floor levels.

**13.**

The term of the Original Lease was yearly, and thereof month-to-month. However, neither Keener Properties or Mr. Trashawn Hughes ever signed another lease renewal and it was understood between parties that the lease would be renewed on a yearly basis.

**14.**

Thereafter Mr. Lester Bouchon, Jr., contacted Mr. Trashawn Hughes to inform him that he recently acquired the property. He also informed him that there would be no rental increase and the address where to mail the rental payments to a post office box.

**15.**

Mr. Lester Bouchon, Jr., also informed that he would drop by his card and he further informed Mr. Trashawn Hughes if any issues arise to informed him of it.

**16.**

At no point did Mr. Lester Bouchon mention signing new leases or having new terms to the Original Lease.

**17.**

Instead of mailing out the rent as the initial conversation, Mr. Lester Bouchon, Jr., would come physically at the Apartment to demand payment of rent. During these initial encounters, Mr. Lester Bouchon, Jr., would often say inappropriate comments and sexual innuendos that would make Mr. Trashawn Hughes uncomfortable. Several times, Mr. Trashawn Hughes told him to stop making these comments and he would not do so.

**18.**

On March 16, 2022, in reference to payment, Mr. Lester Bouchon, Jr., stated: "Don't call me. Text me. That way you won't have to call me a liar and a nx÷=÷"

**19.**

Despite initially telling Mr. Trashawn Hughes that he would be able to mail the rent. Mr. Lester Bouchon, Jr., would always insist in picking up the rent.

**20.**

Oftentimes, Mr. Lester Bouchon, Jr., would come to pick up rent under the guise of entering the premises.

**21.**

On or about August 17, 2022, Mr. Lester Bouchon Jr., texted Mr. Trashawn Hughes that he needed "rental agreement."

**22.**

Mr. Trashawn Hughes did not respond regarding any of this matter. Thereafter on August 24, 2022, Mr. Lester Bouchon again texted him regarding rental payment. On August 31, 2022, Mr. Lester Bouchon again messaged Mr. Trashawn Hughes regarding the payment.

**23.**

On or about September 6, 2022, Mr. Lester Bouchon, Jr., met with Mr. Trashawn Hughes to collect August 2022 Rental Payment. In addition, on a blank sheet of paper, Mr. Lester Hughes requested that Mr. Trashawn Hughes write out his name, how much rent he paid at that time ($800.00) and the apartment number in own handwriting.

**24.**

Mr. Lester Bouchon, Jr., informed him that paperwork was necessary to show the bank so that he could get a loan. Mr. Trashawn Hughes did what he was told. At no point did Mr. Trashawn Hughes signed any "rental agreement."

**25.**

Shortly thereafter, Mr. Lester Bouchon, Jr., continued this strange instantaneous demands of rent and on or about October 10, 2022, he stated that he was owed September 2022 and October 2022 rent.

**26.**

The ongoing harassment continued until Mr. Trashawn Hughes on October 11, 2022, mentioned to him "[h]ow you pickup the rent is horrible people shouldn't have to be rushed for you to come pick it up we should be given the option of mailing it or by computer…"

**27.**

The very next day, Mr. Lester Bouchon, Jr., filed a notice to vacate on the door. He then texted that Mr. Trashawn Hughes should have had September 2022 and October 2022 rent in the amount of $1,600.00, but did not. The court date of on or about November 3, 2022, Mr. Lester Bouchon, Jr., was to have over $2,400.00 dollars in rent.

**28.**

On or about November 3, 2022, the eviction did not proceed, but was attempted. Mr. Lester Bouchon, Jr., continued to collect a monthly rent of eight hundred dollars from Mr. Trashawn Hughes.

**29.**

On or about July 19, 2023, Mr. Lester Bouchon, Jr., texted Mr. Trashawn Hughes that on August 1, 2023, he would owe the following: $131.00 for the month of April 2023, $950.00 for the month of May 2023, $950.00 for the month of June 2023, $950.00 for the month of July 2023, and $950.00 for the month of August 2023, the total being $3,931.00 dollars. He further informed Mr. Trashawn Hughes that all rents must be paid by August 15, 2023.

**30.**

Mr. Trashawn Hughes puzzled about the $950.00 dollars per month and such calculations requested the other lease agreement he signed. This was the entire handwritten documentation written on or about September 6, 2022.

**31.**

On or about July 20, 2023, Mr. Lester Bouchon, Jr., brought a copy of the "Rental Agreement." A copy of Rental Agreement is attached hereto as **Exhibit 3** and the provisions thereof are incorporated herein by reference.

**32.**

Mr. Trashawn Hughes informed him that this was not the rental agreement he wrote on the white sheet of paper with the month. He further informed Mr. Lester Bouchon, Jr., this forged lease by him had transposed his signature and from the bottom of his Original Lease.

**33**.

As a result of the misrepresentations by Mr. Lester Bouchon, Jr., Mr. Trashawn Hughes was again had a notice to vacate on his door on August 16, 2023.

**34**.

At all times relevant herein, Mr. Lester Bouchon, Jr., identifies himself as the owner of Apartment C, when the paperwork indicates Bouchon Properties LLC is the true owner.

**35**.

At all times relevant herein, Bouchon Properties LLC and Mr. Lester Bouchon, Jr., wrongfully evicted Mr. Trashawn Hughes under false pretenses and forged documents.

**36**.

On September 5, 2023, judgment was rendered against Mr. Trashawn Hughes by the Honorable Charles V. Cusimano, Justice of the Peace for the 5th Justice of the Peace Court, Jefferson Parish, Louisiana, in Proceedings No. 304485, entitled *Lester Bouchon, Jr. vs. Trashawn Hughes* on the docket of said Court. The Judgment is attached as Exhibit 4.

**37**.

Upon information and belief, Mr. Lester Bouchon, Jr., is not wholly unfamiliar with discrimination a person based on race, gender, national origin, or disability. His mother settled in *United States vs. Betty Bouchon, Bouchon Limited Family Partnership and Sapphire Corp.*, 11-cv-02157-KDE-DEK, filed in the District Court of the Eastern District of Louisiana as well as *Greater New Orleans Fair Housing Action Center vs. Bouchon Family Limited Partnership, et. al* 10-cv-04581-CJB-KWR, filed in the District Court of the Eastern District of Louisiana.

**38**.

Specifically, Mr. Lester Bouchon, Jr., individually, and/or on behalf of Bouchon Properties LLC, made racial remarks, sexual innuendos, and did not take inconsideration Plaintiff's disability.

**39**.

The allegations set forth above show that Defendants intentionally sought to exclude, evict, and displace Mr. Trashawn Hughes, who is a disabled African male, from Apartment C and thus intentionally discriminating on the basis of race and color and disability.

**40**.

As a result of the described discriminatory actions undertaken by Defendants have injured Plaintiff by interfering his housing and rendering him homeless.

**41**.

Defendants actions were intentional, willful, reckless and in complete disregard of Plaintiffs federal rights.  As a participant in the real estate rental business, Defendants are aware of the federal law as it pertains to housing discrimination.

## IV. CAUSES OF ACTION

**42.**

The foregoing Defendants are liable unto the Plaintiff, Mr. Trashawn Hughes, for acts, omissions, and representations of the nature which justify the damages to Plaintiff for the following reasons, to wit:

Count One—Civil Rights of Action of 1866 (42 U.S.C. § 1982)

**43.**

Plaintiff incorporates the abovementioned paragraphs 1 through 42 by reference as though fully set forth herein.

**44.**

The Civil Rights Act of 1866, Section 1982, provides in relevant in part, "[a]ll citizens of the United States shall have the same right…as is enjoyed by white citizens therefore

to…purchase, lease, sell, hold and convey real…property." By engaging forgoing discriminatory conduct, Defendants have violated Civil Rights Act of 1866, Section 1982.

**45.**

Plaintiff has been injured by Defendants' discriminatory conduct and have suffered damages as a result.

**46.**

Defendants conduct was intentional, willful, and made in disregard of rights of Mr. Trashawn Hughes and others.

**47.**

Accordingly, Mr. Lester Bouchon, Jr., individually, and/or on behalf of Bouchon Properties LLC are liable to Plaintiff for its discriminatory actions and/or omissions. As a result of the foregoing, and as per applicable Louisiana law and federal law including, Defendant, ABC Insurance, its insured Bouchon Properties LLC, is a proper party-defendant and is answerable and/or responsible for damages suffered by Plaintiff.  As a result of the foregoing, and as per applicable Louisiana law and federal law including, Defendant, XYZ Insurance, its insured Mr. Lester Bouchon, Jr., is a proper party-defendant and is answerable and/or responsible for damages suffered by Plaintiff.

**48.**

As a result of the conduct or actions of Defendants, Plaintiff suffered damages, economic loss, inconvenience, and emotional distress.

**49.**

As a result of threat, conduct or actions of Defendants, Plaintiff suffered or will suffer additional damages including economic loss, inconvenience, emotional distress, and lost housing

opportunity.

<u>Count Two—Federal Fair Housing Act (42 U.S.C. § 3601 *et seq*.)</u>

**50.**

Plaintiffs incorporate the abovementioned paragraphs 1 through 49 by reference as though fully set forth herein.

**51.**

Defendants' conduct, as described above constitutes discrimination against Mr. Trashawn Hughes, with respect to the rental of the dwelling, when there was a refusal to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling, which indicate a preference, limitation, or discrimination because of Mr. Trashawn Hughes' race or color, in violation of Section 3604(a) of the Federal Fair Housing Act (42 U.S.C. § 3601 *et seq*).

**52.**

Defendants' conduct, as described above constitutes discrimination against Mr. Trashawn Hughes, with respect to the rental of the dwelling, when there was a refusal to make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the rental of a dwelling, which indicate a preference, limitation, or discrimination because of Mr. Trashawn Hughes' race, color or handicap, in violation of Section 3604(c) of the Federal Fair Housing Act (42 U.S.C. § 3601 *et seq.*).

**53.**

Defendants' conduct, as described above constitutes discrimination against Mr. Trashawn Hughes, with respect to the rental of the dwelling, when it was otherwise made unavailable or denied because of his handicap of—(A) and he was that renter, (B) he was residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or (C) any person associated

with that the renter, in violation of Section 3604(f)(1) of the Federal Fair Housing Act (42 U.S.C. § 3601 *et seq)*.

**54.**

At all times relevant, Defendants knew that Mr. Trashawn Hughes was disabled with a handicap as he does not have a lower left leg.

**55.**

As such, Defendants' conduct constitutes discrimination, which included—a refusal to permit, at the expense of the handicapped person, Mr. Trashawn Hughes, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises except that, in the case of a rental, the landlord may where it is reasonable to do so condition permission for a modification on the renter agreeing to restore the interior of the premises to the condition that existed before the modification, reasonable wear and tear excepted.

**56.**

Further, Defendants' conduct also constitutes discrimination when there is a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person, Mr. Trashawn Hughes, equal opportunity to use and enjoy a dwelling.

**57.**

Plaintiff is an aggrieved person as defined in 42 U.S.C. § 3602(i) and has been injured by Defendants' discriminatory conduct, and have suffered damages as a result.

**58.**

Defendants' conduct was intentional, willful, and made in disregard for the rights of Mr. Trashawn Hughes and others.

**59.**

Accordingly, Mr. Lester Bouchon, Jr., individually, and/or on behalf of Bouchon Properties LLC are liable to Plaintiff for its discriminatory actions and/or omissions. As a result of the foregoing, and as per applicable Louisiana law and federal law including, Defendant, ABC Insurance, its insured Bouchon Properties LLC, is a proper party-defendant and is answerable and/or responsible for damages suffered by Plaintiff.  As a result of the foregoing, and as per applicable Louisiana law and federal law including, Defendant, XYZ Insurance, its insured Mr. Lester Bouchon, Jr., is a proper party-defendant and is answerable and/or responsible for damages suffered by Plaintiff.

**60.**

As a result of the conduct or actions of Defendants, Plaintiff suffered damages, economic loss, inconvenience, and emotional distress.

**61.**

As a result of threat, conduct or actions of Defendants, Plaintiff suffered or will suffer additional damages including economic loss, inconvenience, emotional distress, and lost housing opportunity.

**62.**

Accordingly, under 42 U.S.C. § 3613(c), Plaintiff is entitled actual damages, punitive damages, injunctive relief, and reasonable attorneys' fees and costs.

Count Three—Louisiana Equal Housing Opportunity Act (La. R.S. § 51:2601-2614)

**63.**

Plaintiff incorporates the abovementioned paragraphs 1 through 62 by reference as though fully set forth herein.

**64.**

Defendants' conduct, as described above constitutes discrimination against Mr. Trashawn Hughes, in the terms, conditions, or privileges of the rental of dwelling because of race or color in violation of La. R.S. § 51:2606(2).

**65.**

Defendants' conduct, as described above constitutes discrimination against Mr. Trashawn Hughes, in making statements with respect to the rental of dwelling that indicate a preference, limitation or discrimination because of race or color or an intention to make such a preference, limitation or discrimination in violation of La. R.S. § 51:2606(3).

**66.**

Plaintiff is an aggrieved person as defined in La. R.S. § 51:2606(1), (10) and has been injured by Defendants' discriminatory conduct, and have suffered damages as a result.

**67.**

Defendants' conduct was intentional, willful, and made in disregard for the rights of Mr. Trashawn Hughes and others.

**68.**

Accordingly, Mr. Lester Bouchon, Jr., individually, and/or on behalf of Bouchon Properties LLC are liable to Plaintiff for its discriminatory actions and/or omissions. As a result of the foregoing, and as per applicable Louisiana law and federal law including, Defendant, ABC Insurance, its insured Bouchon Properties LLC, is a proper party-defendant and is answerable and/or responsible for damages suffered by Plaintiff.  As a result of the foregoing, and as per

applicable Louisiana law and federal law including, Defendant, XYZ Insurance, its insured Mr. Lester Bouchon, Jr., is a proper party-defendant and is answerable and/or responsible for damages suffered by Plaintiff.

**69.**

As a result of the conduct or actions of Defendants, Plaintiff suffered damages, economic loss, inconvenience, and emotional distress.

**70.**

As a result of threat, conduct or actions of Defendants, Plaintiff suffered or will suffer additional damages including economic loss, inconvenience, emotional distress, and lost housing opportunity.

<u>Count Four—Breach of Lease & Wrongful Eviction</u>

**71.**

Plaintiff incorporates the abovementioned paragraphs 1 through 70 by reference as though fully set forth herein.

**72.**

A landlord has a legal obligation to provide for peaceable possession of a leased property for the tenant during the duration of the lease. La. Civ. Code art. 2682(3).

**73.**

In order to disrupt peaceable possession, a landlord must give proper notice of eviction: notice must be timely, written, and properly served. La. Civ. Code art. 2728; La. Code Civ. Proc. art. 4701-03. A notice to vacate must be delivered not less than five days prior to when the premises need to be vacated if there is good cause for the eviction, such as failure to pay rent. La. Code Civ. Proc. art. 4701. *Tete v. Hardy*, 283 So.2d 252 (La. 1973). For a no-cause eviction under a month-

to-month lease, 10 days notice is required prior to the end of the rental month. La. Civ. Code art. 2728. *Solet v. Brooks*, 30 So.3d 96, 101 (La. App. 1 Cir. 2009). The notice to vacate must include the cause for lease termination. La. Code Civ. Proc. art. 4731 (A).

**74.**

A landlord may be liable if a wrongful eviction preceded the completion of a tenant's vacating the premises. *Mansur v. Cox*, 898 So.2d 446 (La. App. 1 Cir. 2004). *Pelleteri v. Caspian Grp. Inc.*, 2002-2141 (La. App. 4 Cir. 7/2/03), 851 So. 2d 1230, 1237.

**75.**

Wrongful eviction has been held to constitute a bad faith violation of an obligation that subjects a landlord to both foreseeable and unforeseeable damages. La. Civ. Code art. 1997; *Smith v. Shirley*, 815 So.2d 980 (La. App. 3 Cir. 2002), *writ denied* 816 So.2d 308 (La. 2002).

**76.**

After deciding to terminate Mr. Lester Bouchon, Jr., individually, and/or on behalf of Bouchon Properties LLC, on the basis of his race, color, or handicap, Defendants sought to evict Mr. Trashawn Hughes on based on a forged document, which, upon information and belief, Mr. Lester Bouchon, Jr., was completely aware of the forgery. Defendants did not follow the necessary measures under Louisiana code to properly evict a tenant. For example, rather than giving them ten days to vacate for a no-cause eviction, Defendants gave him a notice to vacate the very next day.

**77.**

Defendants did not provide written notice of eviction based on a Rental Agreement that was forged. Further, Defendants informed Plaintiff on false amounts of rental amounts and payments.

**78.**

Likewise, upon information and belief, Defendants did not properly serve notice of eviction, as there was no written notice to serve.

**79.**

Defendants breached their obligations under the lease when they wrongfully evicted Mr. Trashawn Hughes.

**80.**

Accordingly, Mr. Lester Bouchon, Jr., individually, and/or on behalf of Bouchon Properties LLC are liable to Plaintiff for its discriminatory actions and/or omissions. As a result of the foregoing, and as per applicable Louisiana law and federal law including, Defendant, ABC Insurance, its insured Bouchon Properties LLC, is a proper party-defendant and is answerable and/or responsible for damages suffered by Plaintiff.  As a result of the foregoing, and as per applicable Louisiana law and federal law including, Defendant, XYZ Insurance, its insured Mr. Lester Bouchon, Jr., is a proper party-defendant and is answerable and/or responsible for damages suffered by Plaintiff.

**81.**

As a result of the conduct or actions of Defendants, Plaintiff suffered damages, economic loss, inconvenience, and emotional distress.

**82.**

As a result of this misrepresentation, Plaintiff was rendered homeless. Accordingly, Plaintiff is entitled to a rescission of contract, reduction of the contract price based on the fraud committed by Defendants, and are also entitled to damages sustained because of the bad faith

actions of the Defendant, Mr. Lester Bouchon, Jr., and those who benefited. Mr. Trashawn Hughes

are also entitled to attorney fees pursuant to La. Civ. Code art. 1958.

<u>Count Five—Trespass</u>

**83.**

Plaintiff incorporates the abovementioned paragraphs 1 through 82 by reference as though

fully set forth herein.

**84.**

Failing to follow proper eviction procedures, and instead resorting to self-help to displace

a tenant, constitutes trespass. *Fo-Coin Co. v. Drury*, 349 So. 2d 382, 384 (La. Ct. App. 1977),

*Waller & Edmonds v. Cockfield*, 111 La. 595, 35 So. 778 (1904); *Buchanan v. Daspit*, 245 So.2d

506 (La. App.3rd Cir. 1971).

**85.**

However, a landlord may exercise self-help with regaining the property when a tenant

abandons the property. *Weber v. McMillan*, 285 So. 2d 349, 351 (La. Ct. App. 1973).

**86.**

Abandonment requires both the physical act of abandoning the property as well as a

specific intent to abandon. *Powell v. Cox,* 92 So.2d 739, 742 (La. App. 2nd Cir.1957).

**87.**

Defendants failed to follow proper eviction procedures when Mr. Lester Bouchon, Jr.,

individually, and/or on behalf of Bouchon Properties LLC informed Plaintiff that was behind on

rent based on forged Rental Agreement and wrong rental amounts.

**88.**

Louisiana jurisprudence provides that "[f]raud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." La. Civ. Code art. 1953. Fraud vitiates consent and this is grounds for rescission of a contract. La. Civ. Code arts. 1948, 2031.

**89.**

Mr. Lester Bouchon, Jr., intentionally, who now upon information and belief herein, either forged Mr. Trashawn Hughes' signature, and/or allowed someone else to forge Mr. Trashawn Hughes' signature. Plaintiffs never had such copy of this paperwork until received in discovery one July 20, 2023. Mr. Trashawn Hughes never personally signed the Rental Agreement, attached hereto as **Exhibit 3**.

**90.**

Plaintiff did not abandon the property. He physically left the property only when he felt he had no choice, after being threatened by Mr. Lester Bouchon, Jr., individually, and/or on behalf of Bouchon Properties LLC. Nor did he intend to abandon the property – he left because he believed he had to do so.

**91.**

Defendants committed trespass when they unlawfully evicted Mr. Trashawn Hughes and then repossessed his apartment.

**92.**

Accordingly, Mr. Lester Bouchon, Jr., individually, and/or on behalf of Bouchon Properties LLC are liable to Plaintiff for its discriminatory actions and/or omissions. As a result of the foregoing, and as per applicable Louisiana law and federal law including, Defendant, ABC

Insurance, its insured Bouchon Properties LLC, is a proper party-defendant and is answerable and/or responsible for damages suffered by Plaintiff.  As a result of the foregoing, and as per applicable Louisiana law and federal law including, Defendant, XYZ Insurance, its insured Mr. Lester Bouchon, Jr., is a proper party-defendant and is answerable and/or responsible for damages suffered by Plaintiff.

**93.**

As a result of the conduct or actions of Defendants, Plaintiff suffered damages, economic loss, inconvenience, and emotional distress.

**94.**

As a result of threat, conduct or actions of Defendants, Plaintiff suffered or will suffer additional damages including economic loss, inconvenience, emotional distress, and lost housing opportunity.

**95.**

As a result of this misrepresentation, Plaintiff was rendered homeless. Accordingly, Plaintiff is entitled to a rescission of contract, reduction of the contract price based on the fraud committed by Defendants, and are also entitled to damages sustained because of the bad faith actions of the Defendant, Mr. Lester Bouchon, Jr., and those who benefited. Mr. Trashawn Hughes are also entitled to attorney fees pursuant to La. Civ. Code art. 1958.

**V. DAMAGES**

**96.**

Based upon the above and foregoing, Count One through Count Five, Plaintiff sustained and seek the following non-exclusive damages against the Defendants:

1. Under 42 U.S.C. § 3613(c), Plaintiff is entitled actual damages, punitive damages, injunctive relief, and reasonable attorneys' fees and costs;

2. Rescission of the lease;

3. Loss and use of Apartment C as a result of Defendants' breach of contract;

4. Mental anguish and inconvenience due to loss of use of property;

5. All economic loss, inconvenience, emotional distress, and lost housing opportunities;

6. Costs of all experts and inspection fees;

7. Attorney fees pursuant to La. Civ. Code art. 1958;

8. All other damages to which Plaintiffs are entitled as a matter of law; and

9. Penalties, Attorney's fees, court costs, interests, and costs as provided by law.

**97.**

At all times alleged herein, Plaintiffs acted in good faith, seeking to mitigate its damages.

**VI. DEMAND FOR JURY TRIAL**

**98.**

Plaintiff desires and demand a trial by jury on all issues so triable in this case pursuant to pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**WHEREFORE, PETITIONER, TRSHAWN HUGHES PRAYS** that:

I.   Defendants, **BOUCHON PROPERTIES LLC, LESTER BOUCHON a/k/a LESTER BOUCHON, JR., ABC INSURANCE COMPANY and XYZ INSURANCE COMPANY**, each be duly served with a copy of this Complaint and be cited to appear and answer hereto;

II.     Defendants, **BOUCHON PROPERTIES LLC, LESTER BOUCHON a/k/a LESTER BOUCHON, JR., ABC INSURANCE COMPANY and XYZ INSURANCE COMPANY**, be cast with judgment declaring the recission of the Rental Agreement;

III.    Petitioner requests that he be entitled to damages that include but not be limited to loss of use of the property, pain and suffering, mental anguish and loss of housing opportunities, punitive damages, past and future medical expenses, all economic loss caused by the Defendants;

IV.     Petitioner requests an award of pre-judgment and post-judgment interest, as appropriate, at the highest rate allowed by law;

V.      After the lapse of all legal delays and due proceedings, there be judgment rendered  herein in favor of the Plaintiff and against Defendants, **BOUCHON PROPERTIES LLC, LESTER BOUCHON a/k/a LESTER BOUCHON, JR., ABC INSURANCE COMPANY and XYZ INSURANCE COMPANY**, individually, *jointly, and in solido*, for such damages as are necessary to  fully and fairly compensate Plaintiff, together with judicial interest from date of  demand, for all costs of this suit, for expert witness fees, for penalties and attorney's  fees as provided by law;

VI.     For Petitioner to be granted all further and different relief as the justice and equity of this case would require.

VII.    Petitioner hereby demands a **_trial by jury_** for all counts so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Respectfully Submitted,

/s/Shermin S. Khan

_____

**THE KHAN LAW FIRM, L.L.C.**
Shermin S. Khan (Bar Roll No. 37748)
s.khan@sklawla.com
2714 Canal Street, suite 300
New Orleans, LA 70119
Telephone Number: (504) 354-9608
Facsimile Number: (504) 459-2918
*Attorney for Plaintiff, Trashawn Hughes*


Dated: 1/10/2024