UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRASHAWN HUGHES | CIVIL ACTION |
| VERSUS | NO: 24-103 |
| BOUCHON PROPERTIES LLC, ET AL. | SECTION: "A" (5) |

### ORDER AND REASONS

The following motion is before the Court: **Rule 12(b)(6) Motion to Dismiss or, in the Alternative, Rule 12(e) Motion for More Definitive Statement (Rec. Doc. 7)** filed by the defendants, Lester Bouchon and Bouchon Properties LLC. The plaintiff, Trashawn Hughes, opposes the motion. (Rec. Doc. 8). The motion, submitted for consideration on April 10, 2024, is before the Court on the briefs without oral argument. For the reasons that follow the motion is **GRANTED IN PART AND DENIED IN PART**.

I.     BACKGROUND

In late 2016, Hughes signed a lease agreement with Keener Properties LLC to rent a unit at 1602 Clearview Parkway in Metairie, Louisiana. (Rec. Doc. 1, Complaint, ¶¶ 7-10). Keener subsequently sold the apartment complex to Bouchon Properties LLC, managed by Lester Bouchon, in May of 2021. (*Id.* ¶ 11). Hughes claims that shortly after acquiring the apartment complex, Bouchon assured him that the rent would remain unchanged and provided a new mailing address for rental payments. (*Id*. ¶ 14).

Soon after the ownership change, however, Hughes claims that Bouchon began personally visiting Hughes's apartment to demand rental payments and "made racial remarks [and] sexual innuendos" that made Hughes uncomfortable. (*Id.* ¶¶ 17, 38). He further alleges that

1

Bouchon harassed him, including by sending him a derogatory message via text message. (*Id.* ¶ 18). In July of 2023, Bouchon notified Hughes that on August 1, 2023, he would owe the following rental payments: $131.00 for April of 2023, and $950.00 for each of May, June, July, and August of 2023. (*Id.* ¶ 29). He informed Hughes that this rent—totaling $3,931.00—would be due on August 15, 2023. (*Id.*). Hughes maintains that he never agreed to a monthly rent of $950. (*Id.* ¶ 30).

Bouchon evicted Hughes on August 16, 2023; Hughes contends that the eviction was wrongful and made "under false pretenses and forged documents." (*Id.* ¶ 35). He argues that Bouchon intentionally sought to "exclude, evict, and displace" him, a disabled African-American male, on the basis of race, color, and/or disability. (*Id.* ¶ 39). Accordingly, Hughes has brought causes of action under 42 U.S.C. § 1982 and Fair Housing Act ("FHA"), among various state-law causes of action. In response, the defendants argue that Hughes's claims fail to meet the required pleading standard because they lack sufficient factual content to support a plausible claim. Specifically, the defendants argue that the Complaint does not demonstrate intentional exclusion, eviction, or displacement based on race or sufficiently state a cause of action under the FHA.

The Court considers the defendants' motion below.

II.  **LEGAL STANDARD**

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the Complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 556 U.S. at 679)).

In the context of a motion to dismiss, the district court must accept all factual allegations in the Complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor. *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001) (citing *Burchett v. Cargill, Inc.*, 48 F.3d 173, 176 (5th Cir. 1995)).

### III. DISCUSSION

#### A. 42 U.S.C. 1982

42 U.S.C. § 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. The statute protects property interests regardless of whether they are owned or leased. The Supreme Court considers a section 1982 claim adequate when an individual is denied the opportunity "to acquire property … because of color." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009,

1016 (2020) (quoting *Buchanan v. Warley*, 245 U.S. 60, 78-79 (1917)) (emphasis omitted). Such claims require "an intentional act of racial discrimination by a defendant." *Vaughner v. Pulito*, 804 F.2d 873, 877 (5th Cir. 1986) (citing *Save Our Cemeteries, Inc. v. Archdiocese of New Orleans, Inc.*, 568 F.2d 1074, 1078 (5th Cir. 1978)). Specifically, a plaintiff "must allege with specificity facts sufficient to show or raise a plausible inference of (1) the defendant's racial animus; (2) intentional discrimination; and (3) that the defendant deprived plaintiff of his rights because of race." *Ennis v. Edwards*, No. 02-769, 2003 WL 1560113, at *5 (E.D. La. Mar. 25, 2003).

Hughes contends that Bouchon's actions violate section 1982. Under the test described in *Ennis*, Hughes must first demonstrate that there is a plausible inference of Bouchon's racial animus. The Complaint alleges that Bouchon made racial remarks to Hughes (Complaint ¶ 38) and texted him a redacted version of a racial epithet. (Complaint ¶ 18). In this Court's view, taking these facts as true, Hughes has sufficiently pleaded Bouchon's racial animus. He has reason to believe that, although he was late on rental payments, Bouchon specifically took issue with Hughes because of his race. (*Id.* ¶¶ 19-20, 25-26). Bouchon attempted to evict Hughes twice, ultimately succeeding in September of 2023. He contends that this eviction—a refusal to rent under section 1982—was an act of intentional discrimination and would not have occurred but for the fact that he is African-American. Having reviewed the pleadings, this Court believes that Hughes has demonstrated that race was a relevant factor in his dealings with Bouchon and plausibly alleged that his eviction was a result of racial animus.

Accordingly, the motion to dismiss is **DENIED** as to the 42 U.S.C. § 1982 claim.

B. Fair Housing Act, 42 U.S.C. § 3601 *et seq.*

Hughes also alleges that Bouchon's activity violates the FHA, 42 U.S.C. § 3601 *et seq.*

4

He claims that Bouchon's conduct constitutes discrimination, asserting that he denied Hughes the ability to rent because of his race, color, and/or disability. He contends that Bouchon refused to permit or make reasonable modifications, therefore preventing Hughes from obtaining an equal opportunity to use and enjoy his dwelling, and that he published a discriminatory advertisement or notice. His FHA allegations spread across three separate provisions of the act: section 3604(a) racial discrimination; section 3604(c) publication of a discriminatory notice or advertisement; and section 3604(f) disability discrimination.

1. *Racial Discrimination Under 42 U.S.C. § 3604(a)*

Hughes's first cause of action contends that the defendants violated section 3604(a) when they discriminated against Hughes by refusing to rent to him on the basis of his race or color. (Complaint ¶ 51). Section 3604(a) makes it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race [or] color." 42 U.S.C. § 3604(a). Hughes does not contend that the defendants refused to negotiate for the sale or rental of the dwelling; rather, he asserts that he was evicted because of his race, an act which falls under the "otherwise make unavailable or deny" clause. After reviewing the Complaint, the Court finds that Hughes has stated a claim under section 3604(a).

As an initial matter, to survive a 12(b)(6) motion, the eviction must qualify as an exclusion under section 3604. In *Cox v. City of Dallas*, the Fifth Circuit held open the possibility that actual or constructive eviction could qualify as refusal to rent under section 3604(a). 420 F.3d 734, 742 (5th Cir. 2005) (citing supportive authority from other circuits). The Eastern District has since considered that statement to apply with respect to eviction claims under the FHA by rejecting an argument that section 3604 only applies to pre-rental activity. *Treece v.*

*Perrier Condo. Owners Ass'n, Inc.*, 593 F. Supp. 3d 422, 438 (E.D. La. 2022). Therefore, the conduct complained of—the eviction—falls within the scope of section 3604(a) for racially discriminatory acts prohibited by statute. Having determined that the activity qualifies under the FHA, the next issue is whether Hughes has sufficiently stated a claim.

Generally, to state a claim for discriminatory activity, a plaintiff must demonstrate the following: (1) the plaintiff is a member of a protected class, as defined under the FHA; (2) the plaintiff qualified to rent or purchase housing; (3) the plaintiff was rejected in some form; and (4) the housing thereafter remained open to other applicants. *Inclusive Cmty. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 910 (5th Cir. 2019). This means that the pleadings must allege that (1) Hughes is a member of a protected class; (2) Hughes qualified for renting; (3) Hughes was ultimately rejected or kept from renting; and (4) after his eviction, the unit was available for rent to others. Under a 12(b)(6) inquiry, Hughes has adequately pleaded each of these four elements to state a claim and avoid dismissal.

Hughes is African-American (Complaint ¶ 6), which places him in a protected class under 42 U.S.C. § 3604(a). The Complaint suggests that he was qualified to rent from Bouchon. He entered into a lease agreement in 2016 Bouchon's predecessors-in-interest (Complaint ¶ 7) and, upon transfer of the property to Bouchon, was given assurances suggesting that his rental would continue at the same monthly rate. (Complaint ¶¶ 14-15, 17-19). At this stage in the proceedings, Hughes has met the second element, as his successful rental of the property demonstrates his qualification to rent. As to the third element, as discussed above, an eviction qualifies as a rejection of enjoyment of the dwelling. *See Cox*, 420 F.3d at 742; *Treece*, 593 F. Supp. 3d at 438. It is uncontested that Hughes was evicted; rather, the motive behind the eviction is contested. While the defendants assert that the eviction was premised on unpaid rent, the

Complaint alleges that his race played a significant role, including that Bouchon used derogatory language and made racial remarks toward Hughes. This is sufficient to demonstrate that the eviction could have plausibly been premised on Hughes's race, thus satisfying the third element. Finally, the unit must have remained available to rent for others. Although the pleadings do not directly discuss this element, the Court can plausibly infer that the property remained open for rental. Bouchon evicted Hughes from one of four rental units, all of which are leased for Bouchon's commercial benefit. There is no affirmative evidence suggesting otherwise and, at this early stage, these facts are sufficient.

Therefore, Hughes has successfully stated a claim under 42 U.S.C. § 3604(a). Accordingly, the motion to dismiss is **DENIED** as to this claim.

    2.  *Discriminatory Advertising Under 42 U.S.C. § 3604(c)*

Hughes next claims that Bouchon acted discriminatorily by printing an advertisement or notice with respect to the rental indicating a preference as to or discrimination against race, disability, or other protected class.[1] (Complaint ¶ 52). Section 3604(c) makes it unlawful "[t]o make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination" based on any protected category. 42 U.S.C. § 3604(c). There are no allegations that Bouchon advertised or set forth any notice in which there was discrimination against or preference for any race, color, religion, sex, disability, familial status, or national origin. Rather, all allegations center around eviction and refusal to rent, activity which falls outside of this section's language.

Accordingly, the motion to dismiss is **GRANTED** as to this claim.

---

[1] Hughes's Complaint actually asserts that the discrimination occurred "when there was a refusal" to print such an advertisement or notice. The Court will interpret this as asserting a claim under section 3604(c).

However, Hughes may move for leave to amend his Complaint within fifteen days of entry of this Order for the purpose of curing the defects in the Complaint by alleging facts with specificity giving rise to this cause of action.

3.  *Disability Discrimination Under 42 U.S.C. § 3604(f)(1)*

Finally, Hughes asserts a cause of action under section 3604(f). 42 U.S.C. § 3604(f)(1) makes it unlawful to discriminate or make unavailable a dwelling because of the disability of the buyer or renter. The Fifth Circuit interprets this provision as containing two prohibitions—one against the refusal to rent, and one against otherwise making the dwelling unavailable. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 531 (5th Cir. 1996). "For the purposes of [section 3604], discrimination includes . . . a refusal to make reasonable accommodation in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). As described above, eviction qualifies under the unavailability clause, and therefore is an activity which, if sufficiently alleged, is violative of the FHA. *See Cox*, 420 F.3d at 742.

Hughes has sufficiently alleged his disability. (Complaint ¶ 54). However, he has failed to allege a sufficient nexus between his disability and the eviction. The pleadings do not assert that the eviction was due to his disability with the same force that they contend that it was due to his race. Although he suggests that the disability was known to the landlord and that reasonable accommodations were not permitted, including by alleging that he "did not take inconsideration [*sic*] Plaintiff's disability," there are insufficient allegations that Bouchon maintained any sort of animus toward the plaintiff or that this was his basis for eviction. (Complaint ¶ 38).

Instead, Hughes argues that he was discriminated against through Bouchon's refusal to

8

permit reasonable modifications or to make reasonable accommodations where necessary. Hughes's claims do not go beyond these basic accusations—that Bouchon refused to make or allow Hughes to make any changes necessary to accommodate his disability. (Complaint ¶¶ 55-56). To state a claim for failure-to-accommodate, a plaintiff must demonstrate that (1) the plaintiff suffers from a disability; (2) the plaintiff requested an accommodation; (3) the requested accommodation was reasonable; and (4) the accommodation was necessary to provide the plaintiff equal opportunity to use and enjoy the home. *Women's Elevated Sober Living L.L.C. v. City of Plano, Texas*, 86 F.4th 1108, 1112 (5th Cir. 2023). To state a claim for permission to modify, the plaintiff must at the outset fund or offer to fund reasonable modifications, but be prohibited from making the modifications. *See Evans v. ForKids, Inc.*, 306 F. Supp. 3d 827, 839 (E.D. Va. 2018).

In Hughes's case, there are no allegations that a reasonable accommodation was requested or that he personally funded or requested that he be permitted to make a reasonable modification. Further, there are no allegations that any accommodation was necessary or reasonable for him as a result of his disability; indeed, the Complaint only discusses accommodations in listing the statutory language under section 3604(f)(3). Rather, he simply pleads that Bouchon refused accommodations and therefore discriminated against him. These conclusory allegations are insufficient to state a claim under section 3604(f)(3). Therefore, the motion to dismiss is **GRANTED** as to the section 3604(f) claim.

However, Hughes may move for leave to amend his Complaint within fifteen days of entry of this Order for the purpose of curing the defects in the Complaint by alleging facts with specificity giving rise to this cause of action.

    C.  <u>State Law Claims and Embedded Motion to Strike</u>

After considering the motion to dismiss the section 1982 and FHA claims, some federal claims remain. Therefore, the defendants' request that this Court refuse to exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367 is **DENIED**. The Court will retain jurisdiction over those claims. Further, the defendants requested that the Court strike paragraph 37 of the Complaint, which refers to two discrimination claims against Bouchon's mother that settled. (Complaint ¶ 37). While the Court acknowledges that this allegation is superfluous and inappropriate, it need not be stricken. The Court did not consider that paragraph in determining the motion to dismiss, and does not find that it rises to the level required to strike.[2] Accordingly, the embedded motion to strike is **DENIED**.

D.  Motion for a More Definite Statement Under Rule 12(e)

Finally, the defendants have moved for a more definite statement under Federal Rule of Civil Procedure 12(e).

Rule 12(e) reads as follows:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

FED. R. CIV. P. 12(e). In their motion, the defendants made no assertions except that the Complaint is too vague or ambiguous to reasonably prepare a response. They fail to identify specific defects or discuss desired details. No more definite statement is necessary; indeed, the Complaint survived a Rule 12(b)(6) motion to dismiss. To the extent the Complaint is vague or ambiguous due to unsupportive facts, such a defect will be properly identified later in the

---

[2] Rule 12(f) allows the Court to strike "from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Although this information is certainly immaterial, motions to strike are disfavored and infrequently granted. *Jefferson Par. Consol. Garbage Dist. No. 1 v. Waste Mgmt. of La., L.L.C.*, No. 09-6270, 2010 1731204, at *5 (E.D. La. April 28, 2010). This allegation, though unnecessary, does not rise to the level of being so grossly prejudicial that it warrants being stricken.

litigative process. Accordingly, the Rule 12(e) motion is **DENIED**.

### IV. CONCLUSION

Accordingly;

**IT IS ORDERED** that the **Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 7)** filed by Defendants, Bouchon Properties LLC and Lester Bouchon, is **GRANTED IN PART AND DENIED IN PART**, as described above.

**IT IS FURTHER ORDERED** that the embedded **Rule 12(e) Motion for a More Definite Statement** and **Motion to Strike (Rec. Doc. 7)**, filed by Defendants, Bouchon Properties LLC and Lester Bouchon, are **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff shall, within **FIFTEEN DAYS** of the entry of this Order, move for leave to amend the Complaint to cure the defects identified in this Order.

May 30, 2024

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE
